1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA FREEMAN,

                Plaintiff,

      v.

LAUREN CHALAS,

                Defendant.

Case No. 3:24-cv-06015

ORDER GRANTING MOTION TO
DISMISS

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Laura Freeman is a Washington-based artist who sells products that showcase her work. One of her designs includes a traveling snail holding a bindle. Defendant Lauren Chalas is also a small business owner, operating a company called The Roving House in Massachusetts. Her logo features a traveling snail holding a bindle. In February 2024, Chalas took several actions demanding that Freeman cease the use and sale of all designs featuring the snail. Chalas argued that Freeman's design infringed upon her intellectual property—including a trademark for The Roving House featuring the snail.

In December 2024, Freeman sued Chalas, seeking a declaratory judgment that Freeman's snail art and products did not infringe upon Chalas's intellectual property rights. Dkt. 1. After this Court denied Chalas's motion to dismiss for lack of personal jurisdiction, *see* Dkt. 16,

ORDER GRANTING MOTION TO DISMISS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Chalas executed a covenant not to sue, promising not to sue Freeman based on any allegation that Freeman's traveling snail design or "any colorable imitations thereof" violated her trademarks or laws preventing unfair competition. *See* Dkt. 22 at 8–10. Chalas then moved to dismiss this case for lack of subject matter jurisdiction, arguing that the covenant not to sue renders this declaratory judgment action moot. Dkt. 22. Freeman does not contest Chalas's arguments on jurisdiction but argues that she is a prevailing party entitled to costs. Dkt. 29. Because Freeman's claims are moot and this Court no longer has jurisdiction over the case, the Court GRANTS Chalas's motion to dismiss (Dkt. 22) and DISMISSES this case without prejudice.

## II.    LEGAL STANDARD

A Rule 12(b)(1) motion seeks dismissal of a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such challenges may be either "facial" or "factual." "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* To defend against a factual attack on jurisdiction, the plaintiff must support their jurisdictional allegations with "competent proof." *Id.* at 1121. Here, Chalas makes a factual challenge, arguing that her covenant not to sue mooted the controversy that gave this Court jurisdiction over the case. Dkt. 22 at 5.

## III.    DISCUSSION

In *Already, LLC v. Nike, Inc.* the Supreme Court addressed the question "whether a covenant not to enforce a trademark against a competitor's existing products and any future 'colorable imitations' moots the competitor's action to have the trademark declared invalid." 568

U.S. 85, 88 (2013). In that case, Nike alleged that Already's shoes infringed Nike's trademark to its line of shoes known as Air Force 1s. *Id.* Already denied those claims and filed a counterclaim seeking to invalidate the Air Force 1 trademark. *Id.* Some months later, Nike issued a broad "covenant not to sue" promising it "would not raise against Already or any affiliated entity any trademark or unfair competition claim based on any of Already's existing footwear designs, or any future Already designs that constituted a 'colorable imitation' of Already's current products." *Id.* at 88–89. Nike then sought to dismiss both its own claims and Already's counterclaim, arguing that the entire controversy was moot. *Id.* at 89.

The Supreme Court agreed that Nike's agreement to a broad covenant not to sue mooted the case. *Id.* at 100. The Court explained that a "case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (citation modified). While "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued," a case is moot if the defendant meets "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citation modified). The Court concluded that the "breadth of [Nike's] covenant suffices to meet the burden imposed by the voluntary cessation test" because it was "unconditional and irrevocable"; it prohibited Nike from "making any claim or any demand" as well as "filing suit"; it protected Already's "distributors and customers"; and it covered "not just current or previous designs, but any colorable imitations." *Id.* at 93 (emphasis removed).

Chalas's covenant is similarly broad. Through the covenant:

> Chalas hereby unconditionally and irrevocably covenants to refrain from making any demand on, or filing suit against Freeman, her assigns or successors in interest, or any of her distributors or customers (each, a "Covenant Beneficiary," and collectively "Covenant Beneficiaries") alleging that:

ORDER GRANTING MOTION TO DISMISS - 3

2.1    the Accused Products, as shown in Exhibit A hereto, or any colorable imitations thereof violate any actual or incipient federal or common law trademark rights that Chalas has regarding the Asserted Mark under, *inter alia*, 15 U.S.C. § 1114(1), or 15 U.S.C. § 1125(a), M.G.L. 93A § 2, or 940 C.M.R. § 3.02, or any claims of dilution, regardless of whether the Accused Products are produced, sold, offered for sale, imported, exported, or otherwise used in commerce before or after the Effective Date of this Covenant; or

2.2    a Covenant Beneficiary's conduct in relation to the Accused Products or any colorable imitations thereof constitutes (a) unfair competition under 15 U.S.C.§ 1125 or M.G.L. 93A § 2, (b) trademark infringement under 15 U.S.C. § 1114, or (c) false advertising under 940 C.M.R. § 3.02, regardless of whether the Accused Products are produced or otherwise used in commerce before or after the Effective Date of this Covenant.

Dkt. 22 at 9. In Plaintiff Freeman's opposition to the motion to dismiss, she does not contest that Chalas's covenant moots the case. *See* Dkt. 29. As in *Already*, here Freeman's "only legally cognizable injury—the fact that [Chalas] took steps to enforce [her] trademark—is now gone and, given the breadth of the covenant, cannot reasonably be expected to recur." *See* 568 U.S. at 100.

Instead, Freeman argues only that this Court's order of dismissal should allow her to seek costs under Federal Rule of Civil Procedure 54(b) as a "prevailing party." Dkt. 29 at 1–2. But the Supreme Court has rejected this type of argument. In *Buckhannon v. West Virginia*, the Court considered whether the term "prevailing party" includes "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001). The Court concluded that "it does not"—instead, a prevailing party is only "one who has been awarded some relief by the court." *Id.* at 600, 603. Like the petitioners in *Buckhannon*, here Plaintiff Freeman has secured relief not from the Court but from Defendant Chalas's

ORDER GRANTING MOTION TO DISMISS - 4

voluntary execution of the covenant not to sue. Because this does not make Freeman a prevailing party, she is not entitled to costs.

## IV.  CONCLUSION

For the reasons explained above, Defendant Chalas's motion to dismiss for lack of subject matter jurisdiction (Dkt. 22) is GRANTED. The case is DISMISSED WITHOUT PREJUDICE. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

Dated this 6th day of October, 2025.

Tiffany M. Cartwright
United States District Judge